UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

STACEY TYLER,

        Plaintiff,
v.

EUREST SERVICES, INC.,

        Defendant.

Civil Action No.
3:18-cv-1408 (CSH)

MARCH 22, 2019

**ORDER ON DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH HER DISCOVERY OBLIGATIONS**

**HAIGHT, Senior District Judge:**

    This is an employment discrimination action. *See* Doc. 1. Defendant Eurest Services, Inc., moves for an order to compel Plaintiff Stacey Tyler to produce discovery. *See* Doc. 15 at 1. Plaintiff has not opposed or otherwise responded to this motion.

    Plaintiff had a deadline of November 4, 2018, to produce responses to the Initial Discovery Protocols. Doc. 15-1 ("Def. Mem.") at 2 (citing Doc. 5). She was also supposed to have responded by January 3, 2019, to Defendant's First Set of Interrogatories and Requests for Production, served on December 4, 2018. Def. Mem. at 2. Defendant represents that Plaintiff has not produced either set of discovery responses despite Defendant's numerous attempts to resolve the delay. *Id.* at 2–3. At no time has Plaintiff sought an extension of time from the Court to comply with her discovery obligations. *Id.* at 3.

    Pursuant to Rule 37 of the Federal Rules of Procedure, if a party who is served with discovery resists or objects to such discovery, the serving party, "[o]n notice to other parties and all

affected persons, . . . may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

This District's Local Rules impose additional requirements:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement . . . .

D. Conn. L. Civ. R. 37(a). Thus, this District requires the movant, in person or by telephone, to "confer with opposing counsel and must discuss discovery disputes in detail and in good faith." *Doe v. Mastoloni*, 307 F.R.D. 305, 313 (D. Conn. 2015) (emphasis omitted). "A certification from a movant that he has merely attempted to meet and confer with opposing counsel does not satisfy the requirements of the Local Rules." *Id.*

However, the Local Rules also provide that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 7(a)(2). See also *McIntyre v. BF Capital Holding, LLC*, No. 3:14CV33 (RNC), 2016 WL 5219445, at *2 (D. Conn. Sept. 20, 2016) (denying a motion to compel because counsel did not sufficiently detail the good faith efforts to

confer with opposing counsel but noting that, "[u]nder different circumstances," opposing counsel's failure to respond to the motion "could have provided sufficient cause to grant the motion").

Defendant's counsel, Elizabeth R. McKenna, has filed a supporting affidavit detailing her good faith efforts to obtain discovery from Plaintiff. Doc. 16. Attorney McKenna sent an email to Plaintiff's counsel on January 17, 2019—after deadlines for both sets of discovery requests had passed—inquiring about the status of Plaintiff's discovery responses. *Id.* ¶ 7. Having received no response, she followed up on January 22, 2019. *Id.* ¶ 8. Opposing counsel again failed to reply. *Id.* On February 13, 2019, McKenna sent a third email to which Plaintiff's counsel responded that he "anticipate[d] having responses out early next week" and assured McKenna that a motion to compel would not be necessary. *Id.* ¶¶ 9–10; Doc. 16-1 at 2. The week passed without any production or updates from Plaintiff's counsel. Doc. 16 ¶ 11. Defendant has not received a response to date, resulting in the instant motion to compel. Def. Mem. at 3.

Although Defendant has not fulfilled the requirements of Local Rule 37(a) to confer in person or by telephone with opposing counsel, the Court finds that there is sufficient cause to grant Defendant's motion to compel. Defendant has attempted in good faith to resolve the delays without intervention by the Court, as demonstrated by counsel's various emails since January 17, 2019. Opposing counsel's reply to McKenna's email from February 13, 2019, also shows that he was aware of (1) the missed deadlines, (2) the still-present need for discovery, and (3) Defendant's intention to file a motion to compel should he continue to fail to provide discovery. *See* Doc. 16-1 at 2. Plaintiff also has not provided a reason why she has not fulfilled her discovery obligations. Based upon this information, the Court can only conclude that any attempt by Defendant to confer in person or by telephone with opposing counsel in accordance with Local Rule 37(a) would be futile.

Other rulings within this District appear to allow movants to waive the in-person or by-telephone conferral requirement in certain circumstances as well. *See McIntyre*, 2016 WL 5219445, at *2 (implying failure to file opposition memorandum would provide sufficient cause to grant motion to compel if movant had provided more details regarding good faith efforts); *Care One Mgmt., LLC v. Connecticut*, No. 3:15-MC-00172 (CSH), 2017 WL 2662190, at *1 (D. Conn. June 20, 2017) (granting motion to compel when counsel wrote letters). Plaintiff's written acknowledgment of the need to produce discovery and her failure to file a memorandum in opposition to the instant motion to compel appears to qualify as one of these circumstances.

Defendant's counsel has not sought sanctions for Plaintiff's non-responsiveness, but Plaintiff is warned that the Court would favorably look upon a motion for reasonable expenses incurred in making this motion by Defendant should Plaintiff fail to comply with this Order.

For the foregoing reasons, Defendant's Motion to Compel, [Doc. 15], is GRANTED. Accordingly, this Court orders Plaintiff to respond by **April 5, 2019**, to the (1) Initial Discovery Protocols as required by this Court through an Order issued on August 20, 2018, [Doc. 5], and (2) Defendant's First Set of Interrogatories and Requests for Production of Documents, dated December 4, 2018.

It is SO ORDERED.

Dated: New Haven, Connecticut
    March 22, 2019

    /s/ Charles S. Haight, Jr.
    CHARLES S. HAIGHT, JR.
    Senior United States District Judge